1  Russell A. Robinson (163937)
   Law Office of Russell A. Robinson
2  345 Grove Street, First Floor
   San Francisco CA 94102
3  Telephone:    (415) 255-0462
   Facsimile:    (415) 431-4526
4
   Attorneys for Plaintiff
5  CASEY D. AISENMAN

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10
   CASEY D. AISENMAN,                    ) No.    C-03-4557-MJJ
11                                        )
                 Plaintiff,               ) **AMENDED COMPLAINT FOR**
12                                        ) **DAMAGES, DECLARATORY RELIEF,**
   v.                                     ) **AND INJUNCTIVE RELIEF**
13                                        ) **[Jury Trial demanded]**
   CITY AND COUNTY OF SAN FRANCISCO;      )
14 CHIEF OF POLICE HEATHER FONG; SFPD     )
   OFFICER MORIMOTO (#1912); SFPD         )
15 OFFICER DALTON (#2160); SGT. LEANNA    )
   DAWYDIAK; and, DOES 1-40,              )
16                                        )
                 Defendants.              )
17 ─────────────────────────────────────  )

18                         **PARTIES**

19        1.    Plaintiff Casey Aisenman is, and at all times since 1985 was, a resident of San

20  Francisco County, in the State of California.

21        2.    Plaintiff is informed and believes that Defendant CITY AND COUNTY OF SAN

22  FRANCISCO is, and was, a municipal corporation duly organized and existing under the laws of

23  the State of California.

24        3.    Plaintiff is informed that CHIEF OF POLICE HEATHER FONG is the CHIEF

25

26

1   OF POLICE of the San Francisco Police Department . Plaintiff is further informed that

2   OFFICERS MORIMOTO (#1912) and DALTON (#2160), and SGT. LEANNA DAWYDIAK

3   are also employed by the SFPD. Fong is sued in her official capacity, only; Morimoto, Dalton,

4   and Dawydiak are sued in their official and individual capacities.

5        4.      Defendants DOES 1 though 40 are fictitiously named persons/entities, whose true

6   identities and roles in the events which are the subject matter of this complaint, are presently

7   unknown to Plaintiff. Plaintiff will amend this complaint to identify fictitiously named Defendants

8   and to set forth facts relating to each when same become known to Plaintiff. Plaintiff is  informed

9   and believes and thereon alleges that each DOE Defendant is legally responsible for events alleged

10  herein which caused injury and damage to Plaintiff.

11       5.      Unless otherwise alleged, Plaintiff is informed and believes and thereon alleges that

12  at all relevant times mentioned herein Defendants were the agents and/or employees of their co-

13  defendants, and in doing the things alleged in this complaint were acting within the course and

14  scope of that agency and/or employment.

15       6.      In doing the acts or omissions alleged, the defendants and each of them were

16  acting in the course and scope of their employment with the C&CSF.

17       7.      In doing the acts or omissions alleged, the defendants acted under color of

18  authority and/or under color of law.

19                          **JURISDICTION AND VENUE**

20       8.      This action is for damages, declaratory relief, and injunctive relief, and arises

21  from conduct which occurred in the City and County of San Francisco, including constitutional

22  deprivations that have occurred and will continue to occur in and around the County of San

23  Francisco, and in the State of California.

24

25

26  
C-03-4557-MJJ
AMENDED COMPLAINT FOR DAMAGES, DECL.
RELIEF, AND INJUNCTIVE RELIEF                    - 2 -                    03-0004P010.AC

9.    This action arises principally under federal law, and this Court therefore has jurisdiction pursuant to 28 USC §1331; a federal question is presented under the Constitution of the United States of America and 42 USC §1983.  Under 28 USC §1343(a)(3), Plaintiff seeks to redress deprivations of rights secured by the Constitution of the United States.  An actual controversy exists and this Court is empowered to grant or deny the requested relief under the Declaratory Judgment Act, 28 USC §2201.

10.    With regard to Plaintiff's state claims, Plaintiff has complied with all claim filing requirements of the California Government Code.  Plaintiff's state claims were denied through formal decision on June 3, 2003, by the City and County of San Francisco.

11.    This case is related to *Aisenman v. City and County of San Francisco, et al.*, C-99-2129-WHO-JCS (*Aisenman I*), and *Aisenman v. City & County of San Francisco, et al.,* C-00-4287-SBA (*Aisenman II*).  *Aisenman I* tentatively settled on about March 27, 2000, finally settling in May 2000.  As a condition of settlement in *Aisenman I*, Plaintiff caused to be dismissed with prejudice all damage claims alleged to have been caused by the unlawful arrest and prosecution commenced by these same defendants on February 5, 1999; however, the parties stipulated that Plaintiff would be permitted to seek declaratory and injunctive relief.  Payment in *Aisenman I* was received by Plaintiff on May 12, 2000.  *Aisenman II* was that agreed upon action for declaratory and injunctive relief.  After several rounds of pleadings and a later motion to dismiss, *Aisenman II* was in fact dismissed on about April 11, 2002.

12.    At issue*, inter alia*, in both *Aisenman I & Aisenman II* was what Plaintiff perceived in good faith to be the unconstitutionality of a certain statutory scheme.  That scheme, described more fully below, required Plaintiff to submit blood and saliva samples for the first time in 1998, almost twenty years after an underlying criminal conviction.  While Plaintiff was the prevailing party in *Aisenman I* and was the losing party in *Aisenman II*, he was told by

1   employees of SFPD that if he made an appointment to submit his blood and saliva samples with

2   an Officer, Zurga, he would not be criminally prosecuted or arrested; Plaintiff agreed with this

3   arrangement.  Plaintiff did as agreed, yet a warrant was issued for his arrest, on information and

4   belief, at the direction of Defendant Dawydiak, and Plaintiff was arrested on October 8, 2002, in

5   a humiliating manner.

6                              **STATEMENT OF FACTS**

7          13.    In August 1982, Plaintiff was convicted of a felony.  As a result of said

8   conviction, Plaintiff was sentenced to one year in jail.  After he was released, Plaintiff served

9   probation and parole.  He paid his debt to society.  As a condition of his release, Plaintiff was

10  required to register in the community where he resided as a "sex-offender."  Over the years,

11  "sex-offender" registration requirements evolved and expanded.

12         14.    Eventually, Plaintiff was informed he would be required to register annually, near

13  the date of his birthday, with local law enforcement; he also came to be required to disclose all

14  cars he owned or drove, all addresses he used, and to provide other information of a highly

15  personal nature.  Each and every time he moved within the State of California, Plaintiff was

16  required to re-register.  As registration laws evolved, Plaintiff was also required to register more

17  quickly; i.e., the turnaround time within which he was required to register was eventually

18  reduced to five days.  As a resident of the City and County of San Francisco during all relevant

19  times, Plaintiff was required to register with the San Francisco Police Department ("SFPD").

20  Since his release in 1983 from jail and through 1998, Plaintiff complied, or attempted in good

21  faith to comply, with all registration requirements of which he was made aware.

22         15.    In late 1998, Plaintiff is informed the California Legislature adopted new laws

23  [Penal Code sections 296.2©), 298.1, and similar laws], requiring all "sex-offenders" to submit

24  samples of blood and saliva (along with palm and thumb prints), so DNA codes could be placed

25

26  C-03-4557-MJJ
    AMENDED COMPLAINT FOR DAMAGES, DECL.
    RELIEF, AND INJUNCTIVE RELIEF                    - 4 -                          03-0004P010.AC

1   on a computer index.  Prior to 1998, Plaintiff was not a member of the class of "sex-offenders"

2   required to submit blood specimens, saliva samples, palm prints, or thumb prints.  Plaintiff is

3   further informed and believes that this new law did not take effect until January 1, 1999, and did

4   not require Plaintiff to submit blood specimens, saliva samples, palm prints, or thumb prints until

5   then.  If Plaintiff's blood and saliva are removed from him under Penal Code section 298.1,

6   Plaintiff automatically will become a suspect in every sex crime committed around the country.

7        16.     Since his 1982 conviction, Plaintiff has no felony convictions.

8        17.     On about May 29, 1998, Plaintiff registered with the SFPD under Penal Code

9   section 290.  On about October 7, 1998, Plaintiff attempted to register within the mandated five

10  days from his birthday.  Pursuant to the then-official, *de facto* policies at SFPD, Plaintiff was

11  initially refused registration by the SFPD under Penal Code section 290, because he refused at

12  that time to submit blood and saliva samples.  Plaintiff had been willing, under protest, to comply

13  with the other registration requirements.  When the SFPD refused to register Plaintiff, through the

14  SFPD's own conduct, therefore, Plaintiff had been prohibited from registering.

15       18.     Thereafter, in February 1999, the SFPD, at Hallinan's direction, arrested Plaintiff.

16  At the time of his unlawful arrest on February 5, 1999, Plaintiff was charged with committing two

17  crimes:  Failure to register as required under Penal Code section 290(g), a felony, and refusal to

18  submit for blood and saliva samples required by Penal Code section 298.1, a misdemeanor.

19       19.     On March 15, 1999, Defendant San Francisco dismissed the criminal case, arising

20  from the unlawful arrest on February 5, 1999, against Plaintiff.  Before and after dismissal,

21  pursuant to official policies, practices, and customs, Defendant San Francisco, with the State of

22  California, threatened to have Plaintiff re-charged and re-arrested unless he immediately registered

23  and submitted blood and saliva samples.  Plaintiff is informed and believes these threats were,

24  *inter alia,* in retaliation for (a) the constitutional challenge Plaintiff's attorneys had told the Court

25

26

1   and Defendant San Francisco would be made to the new laws, and (b) vigorous defense mounted

2   to the unlawful prosecution.

3        20.    Plaintiff is further informed that he was permitted to register, under protest,

4   without submitting the samples required by California Penal Code §298.1 because of his stated

5   constitutional challenge and the filing of, or his threat to file, *Aisenman I.* Defendants San

6   Francisco and Dawydiak were named defendants in *Aisenman I.*

7        21.    *Aisenman I* arose directly from the above-mentioned unlawful arrest and resulted

8   in the above-mentioned conditional settlement. Only the damage claims, including all damages,

9   attorneys' fees incurred by Plaintiff in *Aisenman I*, and costs of suit, were dismissed with

10  prejudice. The parties to *Aisenman I* contemplated and agreed that a second action would follow.

11       22.    From the date of his release until 1999, Plaintiff complied with all registration

12  requirements of which he was made aware, even as registration requirements grew more

13  invasive and humiliating. Every time he registered, the process involved re-booking; i.e., his

14  fingerprints were taken, he was photographed, and he was made to feel like a criminal at the Hall

15  of Justice.

16       23.    Plaintiff continues to maintain, as he did in *Aisenman I & Aisenman II*, that these

17  statutes "qualify" as *ex post facto* laws on at least two bases. First, when Plaintiff was released

18  from jail in November 1983, he was not required as a condition of parole to provide DNA

19  samples. When Penal Code section 290.2 became effective in 1984, Aisenman fell outside the

20  class of sex-offenders who were required to submit DNA.

21       24.    Aisenman's punishment could now be greater than it was in 1981, or even 1998.

22  Section 290.2 was repealed in 1998, and has been superseded by Penal Code sections 296 and

23  298.1, increasing Mr. Aisenman's punishment for a twenty-year-old crime. Before 1999, it was

24  not a crime if Mr. Aisenman refused to submit DNA samples. Now, however, Plaintiff must not

25

26

1   only submit blood samples for the first time, he will also be charged with a crime if he refuses to

2   submit samples under Penal Code §298.1.  These statutes, on their face, impose a new penalty,

3   and they violate Plaintiff's right to due process of laws.

4          25.    For the above reasons, Plaintiff filed *Aisenman II*.  During the aftermath of that

5   litigation, in compliance with the above-mentioned agreement between Plaintiff and San

6   Francisco, Plaintiff made good faith efforts to schedule a date with Officer Zurga and was

7   eventually able to submit his samples on June 7, 2002.  Then, on October 8, 2002, Defendants

8   Morimoto and Dalton, under the direction of Defendant Dawydiak who, on information and

9   belief, had caused a warrant to be issue, arrested Plaintiff in a humiliating manner, for violating

10  the very statutes which Plaintiff had **not** violated; *i.e.,* Plaintiff was arrested for, *inter alia,*

11  failing to submit samples when he had in fact submitted those samples by agreement on June 7,

12  2002..

13         26.    At the time he was arrested by Defendant San Francisco, Morimoto, Dalton, and

14  indirectly Dawydiak, Plaintiff informed them of their error, the deal with San Francisco, and he

15  protested the arrest based on the above.  Nonetheless, Plaintiff was arrested and forced to defend

16  himself once again in a criminal case that had no merit.  The case against Plaintiff was, like the

17  earlier case in 1999, dismissed.

18                                        **DAMAGES**

19         27.    As a result of the conduct by Defendants, and each of them, Plaintiff suffered

20  special damages, and general damages including but not limited to serious injuries, great fear

21  and mental distress, according to proof.

22         28.    The conduct by the ***individually*** named defendants was willful, wanton,

23  intentional, and/or oppressive; therefore, an award of punitive or exemplary damages as to the

24  individual defendants, only, should be made in an amount to be proven.

25

26

1   29.   The conduct by Defendants forced Plaintiff to incur legal expenses, costs and

2   fees, and to retain private counsel.  Plaintiff is therefore entitled to reasonable costs and

3   attorneys' fees under 42 USC §1988 and California Civil Code §§ 51.7 & 52.

4                               **CONSPIRACY ALLEGATIONS**

5   30.   Plaintiff is informed and believe that the acts by the individual defendants, as

6   described above, were part of an agreement or a concerted course of conduct, with the goal

7   being to harm or injure the plaintiffs.  Plaintiff is informed and believed that all of the

8   individuals were motivated to wrongfully arrest Plaintiff again because of his earlier litigation

9   against San Francisco and Plaintiff's protected speech.

10  31.   Plaintiff was injured as a direct result of the efforts by the individual defendants

11  who acted in furtherance of the conspiracy or agreement to damage and injure Plaintiff.

12                               **FIRST CAUSE OF ACTION**

13                                    **42 USC §1983**

14  32.   Plaintiff incorporates by reference all of the preceding paragraphs as though set

15  forth fully herein.

16  33.   Plaintiff is informed that Defendants CITY AND COUNTY OF SAN

17  FRANCISCO, CHIEF HEATHER FONG, OFFICER MORIMOTO (#1912), OFFICER

18  DALTON (#2160), SGT DAWYDIAK, and, DOES 1-40, and each of them, ratified and

19  condoned the conduct of the individual defendants and each of them, and that the supervisory

20  defendants set the official policies, customs, and practices for the SFPD that were the moving

21  force behind Plaintiff's constitutional injuries.  The deprivations by said Defendants, and each of

22  them, violated Plaintiff's rights under the Bill of Rights to the United States Constitution,

23  including but not limited to the First, Fourth, and Fourteenth, Amendments, and also violated the

24  Contracts Clause of the United States Constitution, Article I, section 10.   The following facts

25

26

related to these claims:

/ / /

a.    As stated above, Aisenman received an offer from the City and County of San Francisco on May 6, 2002.  In exchange for giving up his right to appeal the dismissal of *Aisenman v. City and County of San Francisco, et al.* (No. C-00-4287-SBA), and if he "phoned Inspector Jim Zurga" within two weeks of May 6, 2002, to make an appointment simply to surrender his samples, a warrant would not issue for Aisenman's arrest.

b.    Aisenman accepted the offer.  He telephoned "Zurga"[1] and appeared within two weeks of May 6, 2002.  He was kept waiting and shuffled around until after 3:00 p.m. at the appointed date and time, and he was denied the ability to perform.  Aisenman gave samples on June 7, 2002.

c.    Despite his compliance with the terms of the agreement between the parties, a warrant had been issued and Aisenman was arrested on October 8, 2002.  The new complaint charged Aisenman with the same crime as he had been charged with earlier in 1999; that is, he was alleged not to have submitted samples on his birthday in October 1998.

d.    After he was arrested October 8, 2002, as a result of the complaint in *People v. Aisenman* (No. 2072567), Aisenman demurred to that complaint.  The demurrer was based on three facts:

e.    Plaintiff recently learned that the prosecution did not swear out the criminal complaint in *People v. Aisenman* (No. 2072567) until over two years after it obtained the warrant.

f.    Defendant San Francisco waited more than one year following the alleged offense to file the complaint, a violation of Penal Code section 802.

g.    In October 2002, Aisenman was facing double jeopardy as a result of the complaint filed by Cummins.  *People v. Aisenman* (No. 1835015) charged Aisenman with a necessarily related offense, and that matter was dismissed on March 15, 1999.

h.    The City obtained its warrant in *People v. Aisenman* (No. 2072567) in 1999 yet waited until October 8, 2002, to serve that warrant through Defendants Richard Dalton and Stephen Morimoto.  Such a delay was presumptively prejudicial.

I.    This action follows dismissal of *People v. Aisenman* (No. 2072567) in

---

[1]    As requested at the end of this opposition, Plaintiff prays leave to amend should the Court grant all or part of the several motions.  The May 6, 2002, letter from the City Attorney's Office spells James Zurga as "Jim Zerga"; Plaintiff requests leave to correct that spelling as well.

1          2003.

2       j.     The officer swearing out the arrest warrant that gave rise to *People v.*
*Aisenman* (No. 2072567) was Defendant Dawydiak; Dawydiak was also

3            the same officer who participated in the warrant-arrest of Aisenman in
1999 in connection with *People v. Aisenman* (No. 1835015) and she was

4            named as a defendant in the original civil rights action arising from that
wrongful arrest, *Aisenman v. City and County of San Francisco* [(No. C-

5            99-2129-WHO), *Aisenman I*].

6       k.     The City and Does 1-40 substantially impaired Plaintiff's ability to
comply with the terms of the agreement when they instituted policies and

7            rules that (a) required Aisenman to report to myriad placed when he
appeared to give his samples and (b) then prohibited him from giving his

8            samples after three o'clock that afternoon.

9       l.     Plaintiff suffered substantial hardship when the City caused the contract to
be breached and Plaintiff was arrested by Dalton and Morimoto.

10

11       34.     Plaintiff is informed and believe that one of the motives by Defendants, and each

12 of them, to injure Plaintiff, as described above, was the desire to retaliate against Plaintiff for the

13 filings of *Aisenman I & Aisenman II*, in violation of the First and Fourth Amendments.

14 Dawydiak, in particular, was named in *Aisenman I*, was required to appear in court on several

15 occasions, and on information and belief bore Plaintiff ill-will.  Another unlawful motive to

16 selectively visit constitutional deprivations upon the plaintiff, besides malice and the desire to

17 violate Plaintiff's right to equal protection of laws, was the perceived need to prove, after the

18 fact, that Plaintiff is a bad person.

19       35.     Plaintiff is informed and believe that the tortious conduct described herein was

20 known at the time by these defendants to violate of Plaintiff's constitutional rights.

21       WHEREFORE, Plaintiff prays for relief as set forth below.

22                     **SECOND CAUSE OF ACTION**

23                     **42 USC §1983**

24       36.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

25

26

37.     Plaintiff is informed that Defendants CITY AND COUNTY OF SAN

FRANCISCO, CHIEF HEATHER FONG, Does 1-40, and each of them, ratified and condoned

the conduct of their co-defendants, and that the supervisory defendants set the official policies,

customs, and practices for the SFPD that were the moving force behind Plaintiff's constitutional

injuries.  The deprivations by Defendants, and each of them, violated Plaintiff's rights under the

Bill of Rights to the United States Constitution, including but not limited to the First, Fourth,

and Fourteenth, Amendments, and also violated the Contracts Clause of the United States

Constitution, Article I, section 10.

38.     Plaintiff is informed and believes that the tortious conduct described herein was

known at the time by these defendants to violate Plaintiff's constitutional rights.

WHEREFORE, Plaintiff prays for relief and judgment as set forth below.

### THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

40.     The acts by the individual defendants, and each of them, as described above, were

so outrageous that these exceeded the bounds usually tolerated in a civilized society.

41.     These Defendants intended, or recklessly disregarded the likelihood, that their acts

would cause Plaintiff to suffer emotional distress, including, but not limited to feelings of

depression and concern and worry about his own personal safety, well-being, and his rights.

42.     As a direct result of the defendants' acts, Plaintiff suffered and continues to suffer

severe and/or extreme emotional distress, including but not limited to sleeplessness, humiliation,

shame, worry, embarrassment, feelings of depression, and grief all to his damage, according to

proof at trial.

43.     The conduct of said Defendants, and each of them, described above was

C-03-4557-MJJ
AMENDED COMPLAINT FOR DAMAGES, DECL.
RELIEF, AND INJUNCTIVE RELIEF                              - 11 -                                        03-0004P010.AC

1   oppressive, fraudulent, and malicious, entitling Plaintiff to an award of punitive damages in an

2   amount appropriate to punish and make an example of Defendants and each of them.

3        WHEREFORE, Plaintiff prays for relief and judgment as set forth below.

4                          **FOURTH CAUSE OF ACTION**

5                          **VIOLATIONS OF STATE STATUTES**

6        44.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

7        45.   As described above, the individual defendants, and each of them, intentionally and

8   unlawfully exercised force or the express or implied threat of force to restrain, detain, injure, or

9   confine Plaintiff.

10       46.   The conduct of said defendants violated the Constitution of the State of California,

11   including but not limited to the rights to equal protection and due process of laws.  In addition,

12   the conduct of the said defendants and each of them violated California Civil Code sections 51.7

13   and 52.

14       WHEREFORE, Plaintiff prays for relief and judgment as set forth below.

15                          **FIFTH CAUSE OF ACTION**

16                          **FALSE IMPRISONMENT**

17       47.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

18       48.   As described above, on October 8, 2002, Defendants, and each of them,

19   intentionally and unlawfully exercised force or the express or implied threat of force to restrain,

20   detain, or confine Plaintiff.

21       49.   The intentional and unlawful force exercised by the defendants, and each of them,

22   or the express or implied threat of force to restrain, detain, or confine Plaintiff, did in fact compel

23   Plaintiff to stay in the back of a police car and in jail against his will.

24       50.   The plaintiff, did not consent to such restraint, detention, or confinement.

25

26

C-03-4557-MJJ
AMENDED COMPLAINT FOR DAMAGES, DECL.
RELIEF, AND INJUNCTIVE RELIEF                    - 12 -                        03-0004P010.AC

1    51.    As a direct result of the acts of Defendants, Plaintiff suffered and continues to

2    special and general damages, lost income and education, severe and/or extreme emotional

3    distress, including but not limited to sleeplessness, humiliation, shame, worry, embarrassment,

4    feelings of depression, and grief all to his damage, according to proof at trial of this action.

5    52.    The conduct of said Defendants, and each of them, described above was

6    oppressive, fraudulent, and malicious, entitling Plaintiff to an award of punitive damages in an

7    amount appropriate to punish and make an example of Defendants and each of them.

8    WHEREFORE, Plaintiff prays for relief and judgment as set forth below.

9                              **SIXTH CAUSE OF ACTION**

10                             **BREACH OF CONTRACT**

11   53.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

12   54.    Plaintiff and Defendants, and each of them, were parties to a contract reached in

13   the aftermath of the dismissal of *Aisenman II*.  The two letters evidencing this agreement are

14   attached hereto and incorporated by reference, along with the record of Plaintiff's compliance

15   with the agreement; that is, Plaintiff performed as required by the agreement.

16   55.    In contemplation and in reliance on the above, Plaintiff did all he was asked by

17   Defendants and did not investigate to see if a warrant had been issued so that he could avoid the

18   foreseeable damages of a breach by the defendants.  Defendants, and each of them, breached the

19   contract with Plaintiff by committing the acts alleged above.  As a direct, legal, and proximate

20   result of the breaches by Defendants, and each of them, Plaintiff suffered and will continue to

21   suffer foreseeable, substantial losses and damages.

22   WHEREFORE, Plaintiff prays for relief as follows:

23                                   **PRAYER**

24   1.    Compensatory damages according to proof;

25

26   C-03-4557-MJJ
     AMENDED COMPLAINT FOR DAMAGES, DECL.
     RELIEF, AND INJUNCTIVE RELIEF              - 13 -                           03-0004P010.AC

2.      General damages according to proof;

3.      Punitive and exemplary damages, as to the individually-named defendants, only;

19.     For costs of suit and for reasonable attorneys' fees under, *inter alia,* 42 USC §1988 and California Civil Code §§ 51.7 & 52;

5.      For pre-judgment and post-judgment interest;

6.      For an order requiring Defendants, all persons acting on behalf of Defendants, and each of them, to do the following:

    a.      To stop all harassing acts aimed at Plaintiff, Plaintiff's family, and others who may be affiliated with the Plaintiff;

    b.      To retrain each of the individually-named defendants regarding the proper use of authority and force;

    c.      To cease using the real or implied threats of violence in police work; and,

    d.      To terminate all of the individually-named defendants with a history of committing similar acts of retaliatory police work.

7.      For a declaratory judgment from this Court that

    a.      Defendants violated Plaintiff's constitutional rights when they arrested him on October 8, 2002;

    b.      Plaintiff performed under the terms of the agreement between himself and San Francisco; and,

    c.      Defendants breached, or caused the breach, of the agreement between Plaintiff and San Francisco.

8.      Such other and further relief as the Court deems just and proper.

Date:   October 8, 2004                                 _____/S/_____
                                                          Law Office of Russell A. Robinson

C-03-4557-MJJ
AMENDED COMPLAINT FOR DAMAGES, DECL.
RELIEF, AND INJUNCTIVE RELIEF                 - 14 -                        03-0004P010.AC

Attorneys for Plaintiff
CASEY D. AISENMAN

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury in this matter. That is, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 38, Plaintiff hereby demands a trial by jury as is his guaranteed right. Pursuant to FRCP, Rule 39, Plaintiff requests that the matter be designated as a jury action upon the Court's docket.

Date:   October 8, 2004                    _____/S/_____

Law Office of Russell A. Robinson
Attorneys for Plaintiff
CASEY D. AISENMAN

C-03-4557-MJJ
AMENDED COMPLAINT FOR DAMAGES, DECL.
RELIEF, AND INJUNCTIVE RELIEF                    - 15 -

03-0004P010.AC